UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:12-cv-1020

| | |
|---|---|
| HEART IMAGING TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MERGE HEALTHCARE INCORPORATED,<br><br>    Defendant. | **JURY TRIAL DEMANDED**<br><br>**MERGE HEALTHCARE INCORPORATED'S ANSWER AND COUNTERCLAIMS** |

Merge Healthcare Incorporated ("Merge" or "Defendant") hereby states as follows for its Answer and Counterclaims to the Complaint filed by Heart Imaging Technologies, LLC ("Heart IT" or "Plaintiff"):

## THE PARTIES

1. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies same.

2. Merge admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Merge admits the allegations in paragraph 3 of the Complaint.

4. Merge denies the allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent a response may be required, Merge denies the allegations in paragraph 5 of the Complaint.

## PLAINTIFF'S INTELLECTUAL PROPERTY

6. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies same.

7. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies same.

8. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies same.

9. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies same.

10. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies same.

11. Merge admits that Heart IT is the sole assignee named on the covers of U.S. Patent No. 6,934,698 ("the '698 patent"), U.S. Patent No. 7,457,656 ("the '656 patent"), and U.S. Patent No. 8,166,381 ("the '381 patent), but lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 11 of the Complaint and, therefore, denies same.

12. The allegations of paragraph 12 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

13. The allegations of paragraph 13 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no

answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

14. The allegations of paragraph 14 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

## **DEFENDANT'S WILLFULLY INFRINGING CONDUCT**

15. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 15 of the Complaint and, therefore, denies same.

16. Merge admits Exhibit D to the Complaint references a Heart IT letter which letter speaks for itself. Merge lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 16 of the Complaint and, therefore, denies same.

17. Merge admits that in a letter dated August 30, 2006, attorneys for Merge Technologies LLC stated that the Merge Enterprise Web product is not covered by the '698 patent, but Merge lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 17 of the Complaint and, therefore, denies same.

18. The allegations of paragraph 18 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

3

19. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies same.

20. The allegations of paragraph 20 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. In addition, Merge lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 20 and, therefore, denies same.

21. Merge admits that applicant Cedara Software Corp. filed 510(k) Number K092915 which document speaks for itself, but denies all remaining allegations.

22. Merge admits that Exhibit J to the Complaint includes a Heart IT letter dated January 2011, which letter speaks for itself. Merge lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 22 and, therefore denies same.

23. Merge admits the allegations in paragraph 23 of the Complaint.

24. Merge admits preparing the DICOM Conformance Statement shown in Exhibit L to the Complaint and that document speaks for itself. Merge denies all remaining allegations in paragraph 24.

25. Merge admits that the referenced YouTube clip includes interviews which clip speaks for itself. Merge lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 25 and, therefore, denies same.

26. The allegations of paragraph 26 are not susceptible to being answered

because of their ambiguity. To the extent that an answer is deemed necessary, Merge denies the allegations.

27. Merge lacks sufficient information to form a belief with regard to the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies same.

## COUNT I
## INFRINGEMENT OF THE '698 PATENT

28. Merge realleges and incorporates its responses to paragraphs 1 through 27 above.

29. Merge admits that it has not received a license or otherwise been granted any right under the '698 Patent, but lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 29 and, therefore, denies same.

30. The allegations of paragraph 30 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

31. The allegations of paragraph 31 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

32. The allegations of paragraph 32 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no

answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

33. The allegations of paragraph 33 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

34. The allegations of paragraph 34 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

35. The allegations of paragraph 35 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

36. The allegations of paragraph 36 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

37. The allegations of paragraph 37 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

## COUNT II
## INFRINGEMENT OF THE '656 PATENT

38. Merge realleges and incorporates its responses to paragraphs 1 through 37 above.

39. Merge admits that it has not received a license or otherwise been granted any right under the '656 Patent, but lacks sufficient information to form a belief with regard to the truth of the remaining allegations in paragraph 39 and, therefore, denies same.

40. The allegations of paragraph 40 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

41. The allegations of paragraph 41 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

42. The allegations of paragraph 42 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

43. The allegations of paragraph 43 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no

answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

44. The allegations of paragraph 44 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

45. The allegations of paragraph 45 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

46. The allegations of paragraph 46 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

47. The allegations of paragraph 47 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

48. The allegations of paragraph 48 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

49. The allegations of paragraph 49 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

50. The allegations of paragraph 50 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

51. The allegations of paragraph 51 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

52. The allegations of paragraph 52 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

## COUNT III
## INFRINGEMENT OF THE '381 PATENT

53. Merge realleges and incorporates its responses to paragraphs 1 through 52 above.

54. Merge admits that it has not received a license or otherwise been granted any right under the '381 Patent, but lacks sufficient information to form a belief with

9

regard to the truth of the remaining allegations in paragraph 54 and, therefore, denies same.

55. The allegations of paragraph 55 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

56. The allegations of paragraph 56 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

57. The allegations of paragraph 57 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

58. The allegations of paragraph 58 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

59. The allegations of paragraph 59 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

60. The allegations of paragraph 60 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

61. The allegations of paragraph 61 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

62. The allegations of paragraph 62 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

63. The allegations of paragraph 63 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

64. The allegations of paragraph 64 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Merge denies the allegations.

65. The paragraphs A through E following paragraph 64 of the Complaint are Plaintiff's various prayers for relief, and, consequently, do not require a response. To the extent a response may be required, they are denied.

66. All allegations of the Complaint not specifically admitted above are denied.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant hereby pleads and affirmatively sets forth the following defenses, undertaking the burden of proof on such defense only to the extent required by law. By way of its Answer above and its Affirmative Defenses below, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant or the Court, either as prayed for in Plaintiff's Complaint or otherwise.

## AFFIRMATIVE DEFENSES

67. Without altering the burden of proof, Merge asserts the following defenses, which are based upon an investigation that is not complete and is ongoing. Merge's investigation of its defenses is continuing, and Merge reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future may be available based upon discovery and further investigation in this action.

## FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

68. Merge has not directly infringed and does not directly infringe any valid and enforceable claim of the '698 patent, the '656 patent, or the '381 patent. Merge has not contributed to or induced infringement of and does not contribute to or induce

12

Case 1:12-cv-01020-JAB-LPA Document 7 Filed 11/05/12 Page 12 of 18

infringement of any valid and enforceable claim of the '698 patent, '656 patent, or the '381 patent.

69. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the '698 patent, the '656 patent, or the '381 patent.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

70. The '698 patent, '656 patent, and the '381 patent, including each claim thereof, are invalid for failure to satisfy one or more of the statutory requirements of 25 U.S.C. § 100 *eq seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 132.

**THIRD AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

71. Merge has not willfully infringed and is not willfully infringing any valid and enforceable claim of the '698 patent, the '656 patent, or the '381 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver, Laches, Estoppel)**

72. The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches, waiver, acquiescence, and/or estoppel, including but not limited to prosecution laches, equitable estoppel, prosecution history estoppel, and/or collateral estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**(35 U.S.C. § 287 – Damages Limitation)**

73. To the extent that Heart IT may be entitled to damages, any claim for

13

damages for patent infringement by Merge is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## SIXTH AFFIRMATIVE DEFENSE
(Intervening Rights)

74. Merge has intervening rights under at least 35 U.S.C. § 41(c)(2), thereby precluding or at least limiting Plaintiff's prayer for damages and other prospective relief.

## COUNTERCLAIMS

Comes now the Defendant, Merge Healthcare Incorporated ("Merge" or "Defendant"), by its attorneys, and as and for its Counterclaims against Plaintiff, Heart Imaging Technologies, LLC ("Heart IT" or "Plaintiff"), hereby alleges and states as follows:

1. Merge incorporates by reference its responses to the Complaint and all its Affirmative Defenses as set forth above.

## NATURE OF THE ACTION

2. This is an action for declaratory judgment of non-infringement and invalidity.

## THE PARTIES

3. Merge is a Delaware corporation with its principal place of business at 200 East Randolph Street, Suite 2435, Chicago, Illinois 60610.

4. On information and belief, Heart IT is a limited liability company organized under the laws of Delaware with its principal place of business at 5003

Southpark Drive, Suites 130-140, Durham, North Carolina 27713.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNTERCLAIM COUNT I
**(Declaratory Judgment of Non-Infringement of the '698, '656, and '381 Patents)**

7. Merge repeats and re-alleges paragraphs 1-6 of these Counterclaims as though fully set forth herein.

8. On September 12, 2012, Heart IT filed its Complaint for patent infringement in this Court, charging Merge with infringement of U.S. Patent No. 6,934,698 ("the '698 Patent"), U.S. Patent No. 7,457,656 ("the '656 Patent"), and U.S. Patent No. 8,166,381 ("the '381 Patent").

9. The charges of infringement of the Complaint have created an actual and justiciable controversy between Merge and Heart IT concerning whether Merge infringes any valid and enforceable claim of the '698 patent, the '656 patent, or the '436 patent.

10. Merge does not infringe any valid and enforceable claim of the '698 patent, the '656 patent, or the '436 patent.

11. Accordingly, Merge is entitled to a declaratory judgment that it does not infringe any valid and enforceable claim of the '698 patent, the '656 patent, or the '436 patent.

## COUNTERCLAIM COUNT II
**(Declaratory Judgment Of Invalidity Of The '698, '656, and '381 Patents)**

12. Merge repeats and re-alleges paragraphs 1-11 of these Counterclaims as though fully set forth herein.

13. The '698 patent, the '656 patent, and the '381 patent, including each claim thereof, are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. § 100 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 132.

14. Accordingly, Merge is entitled to a declaratory judgment that the asserted claims of the '698 patent, the '656 patent, and the '436 patent are invalid.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the Constitution of the United States, Merge demands a trial by jury on all claims and all issues triable as of right by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Merge Healthcare Incorporated prays that this Court:

A. Dismiss the Plaintiff's Complaint with prejudice;

B. Declare that the '698, '656, and '381 patents have not been infringed by Merge;

C. Declare that the '698, '656, and '381 patents are invalid;

D. Award Merge its costs, expenses, and attorneys' fees incurred herein to the maximum extent allowed by law; and

E. Award Merge such other and further relief to which it is entitled, in law or equity, as this Court deems just and proper.

This the 5th day of November, 2012.

/s/Gary L. Beaver
Gary L. Beaver
N.C. State Bar No. 10244
NEXSEN PRUET, PLLC
P.O. Box 3436
Greensboro, NC 27402
(336) 387-5142
gbeaver@nexsenpruet.com
Local Counsel for Defendant


Joseph T. Miotke
Wisconsin State Bar No.: 1033986
Harry E. Van Camp
Wisconsin State Bar No. 1018568
Joseph A. Ranney
Wisconsin State Bar No. 1005007
DEWITT ROSS & STEVENS, S.C.
13935 Bishop's Drive, Suite 300
Brookfield, WI 53005
Notices of Special Appearance to be filed

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I am an attorney at law licensed to practice in the State of North Carolina, and the attorney for the Defendant in this matter, and am a person of such age and discretion as to be competent to serve process. I also hereby certify that I served the person(s) listed below by electronic mail and electronically filed with the Clerk of Courts the foregoing **Merge Healthcare Inc.'s Answer, Affirmative Defenses, and Counterclaims** using the CM/ECF system, and that the Clerk of Court will send notification of such filing to the following:

James L. Lester
MACCORD MASON PLLC
1600 Wells Fargo Tower
300 North Greene Street
Greensboro, NC 27401
jlester@maccordmason.com
*Attorney for Plaintiff*

This the 5th day of November, 2012.

/s/Gary L. Beaver