IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HEART IMAGING             )
TECHNOLOGIES, LLC,        )
                          )
        Plaintiff,        )
    v.                    )        1:12CV1020
                          )
MERGE HEALTHCARE          )
INCORPORATED,             )
                          )
        Defendant.        )

ORDER

BEATY, District Judge.

This matter is before the Court on a Motion to File Documents Under Seal [Doc. #30] filed by Defendant Merge Healthcare Incorporated ("Defendant"). Specifically, Defendant's Motion requests that the Court allow Defendant to file two documents, a Response Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction and the supporting Declaration of Steven Tolle, under seal with this Court. In support of this Motion, Defendant contends that both of these documents contain confidential business information that would harm Defendant's competitive standing if disclosed to the public.

Generally, "the common law presumes a right of the public to inspect and copy all judicial records and documents." Virginia Dep't of State Policy v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotations omitted). However, this presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." Id. (internal quotations omitted). Indeed, the Fourth Circuit has recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part

of a dispositive motion." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). However, before sealing or redacting portions of any document, the Court must "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 282, 288 (4th Cir. 2000).

With regard to the first requirement, public notice, the Court notes that the instant Motion has been publicly docketed since January 24, 2013. Any interested party has had time to contest the sealing of the requested documents, but no such opposition has been filed. Thus, the public notice requirement has been satisfied. See Pagidipati Enters., Inc. v. Lab. Corp. of Am. Holdings, 2011 WL 5289725, at *2 (M.D.N.C. Nov. 2, 2011)(finding the public notice requirement to be satisfied when the motion to seal was filed 15 days prior to the court's disposition of the motion and no opposition was filed during that time).

The second and third requirements will be considered together, as they present an overlapping analysis. The Court must first determine "what, if any, public access right attaches to the items covered by the instant sealing requests." Id. Because the relevant documents in the underlying Motion address a dispositive motion, that is, Plaintiff's Motion for a Preliminary Injunction, Defendant's declaration and brief "are thus subject to the right of access granted by the First Amendment." Id. In balancing the public's First Amendment access right against competing interests identified by Defendant, the Fourth Circuit has recognized that "[o]ne exception to the public's right of access is where such access to judicial records could provide

2

a 'source of business information that might harm a litigant's competitive standing.'" Id. at *3 (citing Woven Elec. Corp. v. Advanced Grp., Inc., 930 F.2d 913, 1991 WL 54118, at *6 (4th Cir. May 6, 1991)(unpublished)).

Here, Defendant has demonstrated that the documents in question contain confidential business information, including specific financial information and sales figures that could harm Defendant's competitive standing if revealed to the public. Because of the confidential business information in the documents, Defendant has shown that "a need exists to prevent [the documents] from becoming 'sources of business information that might harm [Defendant's] competitive standing.'" Kinetic Concepts, Inc. v. Convatec Inc., 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010).

Additionally, Defendant has redacted only portions of its filings in an attempt to provide the public with as much access as possible to the documents. The Court finds that Defendant's limited redactions are "narrowly tailored to maintain the secrecy of only sensitive business information." Pagidipati Enters., Inc, 2011 WL 5289725, at *3. Further, because the documents in question contain confidential business information, "alternatives to sealing, beyond the redacting . . . do not exist at the present time." Silicon Knights, Inc. v. Epic Games, Inc., 2011 WL 901958, at *2 (Mar. 15, 2011). Accordingly, because the documents underlying the present Motion contain confidential business information that outweigh the public's right to access, public notice has been provided, and no less drastic alternatives exist, the Court will grant Defendant's Motion to File Documents Under Seal [Doc. #30].

IT IS THEREFORE ORDERED that Defendant's Motion to File Documents Under

3

Seal [Doc. #30] is GRANTED, and Defendant may file unredacted versions of Defendant's Response Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction [Doc. #26] and the Declaration of Steven Tolle [Doc. #28] under seal with this Court.

This, the 19th day of February, 2013.

/s/ James A. Beaty, Jr.<br>United States District Judge