# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| HEART IMAGING TECHNOLOGIES, LLC, ) ) ) | ) |
| Plaintiff, | ) Case No. 1:12-cv-1020 |
| v. | ) **JURY TRIAL DEMANDED** |
| MERGE HEALTHCARE INCORPORATED, | ) ) ) |
| Defendant. | ) ) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DEPOSITION OF DR. DAVID CLUNIE OR, IN THE ALTERNATIVE, TO FILE SUPPLEMENTAL DECLARATION OF DR. SIMONETTI**

Plaintiff Heart Imaging Technologies, LLC's ("HIT") Motion for Leave To Conduct Limited Deposition of Dr. David Clunie or, in the Alternative, To File Supplemental Declaration of Dr. Simonetti ("Motion") is an attempt to circumvent the Local Rules and the Court's claim construction schedule. (Doc # 53.) Not only is HIT's Motion procedurally improper, but it is also substantively baseless. The new documents that HIT seeks to introduce are irrelevant to the claim construction issues before the Court and are cumulative of documents available to HIT before the close of claim construction discovery. For those reasons, and the reasons set forth below, the Court should deny HIT's motion, and also award Defendant Merge Healthcare Incorporated ("Merge") its costs and fees associated with responding to HIT's meritless motion.

## BACKGROUND

Dr. David Clunie, Merge's expert witness, is a renowned expert in the field of medical imaging. Since 1996, Dr. Clunie has been involved in the development of the DICOM (Digital Imaging and Communications in Medicine) Standard, and formerly served as a co-chair of the DICOM committee. Dr. Clunie has authored hundreds of articles and postings, and given presentations and lectures relating to medical imaging technologies, including the technologies at issue in this case.

Dr. Clunie submitted a declaration in support of Merge's claim construction positions on May 31, 2013. (Doc. #55, Ex. D). Based on the Local Rules, Merge made Dr. Clunie available for deposition on June 20, 2013 – before the close of claim construction discovery. On June 3, 2013, HIT confirmed that it would depose Dr. Clunie on June 20, 2013. (Ex. A.) On June 12, however, HIT stated that "[i]n view of the Court's recent order [setting the date of the preliminary injunction hearing], and the postponement of the Williams deposition next week, Heart IT will not be deposing Dr. Clunie next week." (Ex. B.) The Court conducted the preliminary injunction hearing on July 16, 2013, and the parties completed claim construction briefing, but HIT did not seek to depose Dr. Clunie.

On September 6, 2013, nearly three months after HIT elected not to depose Dr. Clunie, and after claim construction discovery had closed, HIT asked to depose Dr. Clunie on "his claim construction testimony," and requested that Merge stipulate to the authenticity of Dr. Clunie's blog postings. (Ex. C.) Merge agreed that HIT could use the

blog postings to cross-examine Dr. Clunie at the *Markman* Hearing, but advised HIT that its belated request to depose Dr. Clunie was improper as claim construction discovery had closed. (Ex. D.)

HIT responded by arguing that Dr. Clunie's deposition was warranted because Merge identified a 1998 newsgroup posting by Dr. Clunie as prior art in its invalidity contentions, thus allegedly converting Dr. Clunie from an expert witness into a fact witness. (Ex. E.) Although Merge disagrees that an expert's writing in a patent case can convert the expert into a percipient fact witness, in an effort to minimize needless motion practice, Merge consented to a limited deposition of Dr. Clunie as a fact witness focused on topics related to his 1998 newsgroup posting. (Ex. F.) HIT, however, was unsatisfied with deposing Dr. Clunie about the limited fact issue that HIT initially identified, and instead insisted on deposing Dr. Clunie without limitation, and thus declined Merge's offer. (Ex. G.)

When HIT's effort to depose Dr. Clunie as a fact witness failed, it next requested that Merge consent to reopening claim construction discovery. (Ex. H.) In response, Merge identified the litany of problems associated with reopening claim construction discovery, including the significant prejudice to Merge by allowing HIT to depose Merge's expert *after* claim construction was complete and based on HIT's ***new*** (and in some cases, thrice-modified) proposed claim constructions. (Ex. I.) Given the case schedule that HIT pushed for and was ultimately jointly submitted by the parties, Merge

was put in the position of having to depose HIT's expert ***before*** claim construction briefing and on HIT's ***previous*** claim constructions.[1] (*Id.*)

HIT then proposed that it would not take Dr. Clunie's deposition if Merge assured HIT that Dr. Clunie would testify at the *Markman* hearing and, if he did not, that HIT could still introduce the blog postings into evidence. (Ex. J.) In order to avoid unnecessary motion practice, Merge eventually agreed to that proposal. (Ex. K.) Unsatisfied with its own proposed compromise, however, HIT backtracked and insisted on submitting a declaration from its own expert, Dr. Simonetti, to present Dr. Clunie's blog postings. (Ex. L.) Because Dr. Simonetti's declaration contains argument and is replete with inaccuracies, Merge objected to its submission. (Ex. M.) As a final attempt to avoid involving the Court in this issue, the parties orally discussed the submission of a joint stipulation that would supplement the record on claim construction, attaching Dr. Clunie's blog postings, without any argument. Again, HIT rejected this solution and, instead, chose to file the instant motion.

## ARGUMENT

HIT's request improperly seeks to reopen claim construction discovery, add cumulative and irrelevant materials to a record that is closed, and is little more than a transparent attempt to supplement its *Markman* briefing with additional attorney argument through the vehicle of Dr. Simonetti's new declaration. Even though Merge offered HIT proposals that would have avoided unnecessary motion practice, including

---

[1] HIT substantially modified seven of its claim construction positions in its responsive claim construction brief.

concessions that would have supplemented the record with materials that are irrelevant, hearsay, and cumulative of information available to HIT well before claim construction discovery closed, HIT still insists it is due more. Its motion, however, is procedurally improper and baseless, and should be denied.

## I.    HIT'S MOTION IS PROCEDURALLY IMPROPER.

HIT acknowledges that its motion violates Local Rule 26.1(d) which provides: "Motions seeking an extension of the discovery period … must be made or presented *prior* to the expiration of the time within which discovery is required to be completed." (emphasis added.) The Motion also violates Local Rule 104.4 which provides: "Not later than thirty (30) days after service and filing of the Joint Claim Construction Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Statement."

HIT has failed to identify any authority to justify its improper request to reopen claim construction discovery, even on a limited basis, to depose Dr. Clunie. Accordingly, HIT's motion violates the local rules and is subject to sanctions under Local Rule 83.4(a)(4).

## II.    THE EVIDENCE HIT SEEKS TO INTRODUCE IS NOT RELEVANT.

In addition to being procedurally improper, HIT's Motion should be denied because the blog postings it seeks to introduce have no bearing on any disputed claim terms and are thus irrelevant to the claim construction issues before the Court.

In Section III-B-1-a of its Motion, HIT argues that Dr. Clunie's publications "indicate that ***diagnostic quality*** is not ambiguous." (Doc. #106, at 7 (emphasis added).) However, the term "diagnostic quality" is not recited by any of the claims in the patents-in-suit[2] and, as such, cannot be part of the Court's claim construction analysis. Instead, as HIT itself recognizes, Dr. Clunie opined that the claim terms "***to permit medical diagnosis***" and "***without loss of diagnostic data***" are insolubly ambiguous. Dr. Clunie's declaration addresses the distinction between these claim terms and "diagnostic quality":

> There are surely easy cases that would meet each limitation, but at the margins, it would be difficult to determine if either claim is actually infringed. For example, while a lossless image conversion [*e.g.*, diagnostic quality] would not cause the "loss of diagnostic data," a lossy conversion may cause such a loss. This begs the question: how much data loss is acceptable? Likewise, what type of image display setting is necessary to permit medical diagnosis? Does it have to be a perfect image display setting or can it be 80% accurate? (Doc. #55-4, ¶72.)

As such, Dr. Clunie's more recent blog postings, the subject of HIT's Motion, are consistent with his prior declaration, despite HIT's proclamations to the contrary.

Likewise, in Section III-B-1-b, HIT argues that Dr. Clunie's statements on the claim terms "browser compatible" and "without requiring software executing outside an Internet web browser" are contradicted by a publication addressing the term "zero footprint." (Doc. #106 at 9.) Once again, "zero footprint" is not a claim term, nor does it appear anywhere in any of the patents-in-suit. Despite that, HIT now argues that Dr.

---

[2] In fact, the term "diagnostic quality" does not appear in ***any*** part of ***any*** of the patents-in-suit.

Clunie's statements about this term somehow color his testimony regarding HIT's proposed constructions for "browser compatible" and "without requiring software executing outside an Internet web browser." More specifically, Dr. Clunie's testimony that HIT's introduction of the terms "plugins" or "applets" served to introduce additional ambiguity and confusion is not contradicted by the fact that Dr. Clunie identified an example of a plug-in; he merely identified two clear cases of a plug-in, but that does not eliminate the potential for confusion at the margins.

Therefore, both of HIT's alleged justifications for reopening claim construction discovery are improper and should be rejected.

## III. THE BLOG POSTINGS HIT NOW SEEKS TO INTRODUCE ARE CUMULATIVE OF PRE-EXISTING EVIDENCE ALREADY AVAILABLE TO HIT.

HIT's Motion is also baseless because Dr. Clunie's blog – the same one HIT now relies upon to petition this Court to reopen claim construction discovery and submit additional materials into the record – contains postings from before the close of claim construction discovery on "diagnostic quality" (Sept. 2, 2012) and "zero footprint" (June 11, 2011).[3] (Exs. N, O). Thus, HIT's claim that it "diligently pursued discovery" is simply false, and it could have deposed Dr. Clunie on the topics now at issue before

---

[3] In that same blog posting, Dr. Clunie also discussed plug-ins: "Another interesting use case that we discussed is the so-called 'zero-footprint' viewer that can run in a 'standard' browser that makes use of no additional technology, whether it be a medical application or generic plug-in like Adobe Flash or whatever, since not everybody has that available (especially on mobile devices like tablets)." (Ex. O.)

claim construction discovery had closed. For that reason alone, HIT's Motion should be denied.

## IV. MERGE WOULD BE SEVERELY PREJUDICED BY REOPENING CLAIM CONSTRUCTION DISCOVERY.

Merge would be significantly prejudiced if the Court allows HIT to reopen claim construction discovery to depose Dr. Clunie for at least two reasons. *First*, HIT would have the opportunity to depose Dr. Clunie *after* claim construction briefing was completed, while Merge, as provided under the Local Rules, deposed HIT's expert *before* claim construction briefing even began. *Second*, HIT could question Dr. Clunie about HIT's entirely new claim constructions which first appeared in HIT's claim construction response brief, while Merge did not get the opportunity to question HIT's expert about those new claim constructions.

HIT's argument that there would "be no significant additional cost or effort required by Merge or Dr. Clunie if the Court ordered a limited deposition . . ." because Merge already offered to "a limited deposition of Dr. Clunie on another topic" is not only baseless, but wrong. (Doc. #106 at 11) As set forth above, HIT rejected Merge's offer of a limited deposition of Dr. Clunie on his 1998 newsgroup posting (*i.e.*, as prior art). The deposition that HIT now seeks is significantly broader than the one Merge originally offered to HIT. HIT's current request implicates Dr. Clunie's claim construction opinions, while its prior request was limited to the facts surrounding a single newsgroup posting.

Likewise, Merge would be prejudiced by the admission of Dr. Simonetti's declaration for, at least, two reasons. *First*, the declaration contains additional expert argument and Merge would not have the opportunity to depose Dr. Simonetti on his additional opinions. *Second*, as explained above, the arguments contained in Dr. Simonetti's declaration are not only inaccurate in many respects, but are also not directed to claim terms at issue, and are thus misleading and improper. Even allowing Dr. Clunie to submit a responsive declaration, as HIT now proposes, would only compound the problem as both parties would seek depositions on the new declarations.

In view of the significant prejudice that Merge would suffer as a result of conducting additional depositions on a closed claim construction record and at this late stage, Merge respectfully requests that the Court deny HIT's Motion.

## CONCLUSION

In sum, the relief sought by HIT's Motion is prohibited by Local Rules 26.1(d) and 104.4 and HIT fails to cite any exception to those rules or any equitable basis for setting them aside. Even if procedurally proper, HIT's Motion is based on false premises (*e.g.*, that terms related to medical imaging, used by Dr. Clunie over the course of his professional career, have bearing on his opinion on the specific terms used in the patents-in-suit). Moreover, HIT has identified no new evidence that was previously unavailable to HIT upon a diligent search. Finally, the relief sought by HIT would cause significant prejudice to Merge.

Despite all of this, Merge made every effort to avoid involving the Court – even agreeing to two of HIT's different proposals – but HIT, nonetheless, filed its meritless Motion. Merge requests that the Court deny HIT's Motion, leave the claim construction record closed, and proceed to claim construction without any further submissions. Merge further requests, pursuant to Local Rule 83.4(a)(4) and the Court's inherent powers to impose appropriate sanctions, that the Court award Merge reasonable attorneys' fees and expenses incurred in connection with responding to HIT's Motion.

*/s/ Terrence J. Truax*
Terrence J. Truax
Illinois State Bar No. 6198872
Benjamin Bradford
Illinois State Bar No. 6285800
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350

*/s/ Gary L. Beaver*
Gary L. Beaver
N.C. State Bar No. 10244
NEXSEN PRUET, PLLC
Post Office Box 3463
Greensboro, NC 27402
(336) 373-1600

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2013, **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAFVE TO CONDUCT LIMITED DEPOSITION OF DR. DAVID CLUNIE OR, IN THE ALTERNATIVE, TO FILE SUPPLEMENTAL DECLARATION OF DR. SIMONETTI** was served upon the below-named counsel of record at the address and in the manner indicated:

**James L. Lester**, NCSB 15,715          <u>VIA ECF NOTIFICATION</u>
MACCORD MASON PLLC
P.O. Box 2974
Greensboro, NC 27402
Telephone: (336) 273-4422
Email: jlester@maccordmason.com


                                        <u>*/s/ Benjamin J. Bradford*</u>
                                        Benjamin J. Bradford